UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD McCLELLAN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 12-CV-369-FHM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration,[1] ) | |
| ) | |
| DEFENDANT. ) | |

## OPINION AND ORDER

Plaintiff, Edward McClellan, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff, Edward McClellan's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Richard J. Kallsnick, was held December 6, 2010. By decision dated December 28, 2010, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 5, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

For the reasons discussed below, the Court AFFIRMS the decision of the Commissioner.

## **Background**

Plaintiff was 30 years old on the alleged date of onset of disability and 31 years old on the date of the denial decision. He has a 5th grade education and a limited work history. He was incarcerated for approximately 10 years. He formerly worked as fast food worker, dishwasher, and meat slicer. Plaintiff claims to have been unable to work since September 2, 2009, as a result of mental retardation, bipolar disorder, back pain, and left foot pain. [Dkt. 15, p. 1; R. 132, 160, 209, 219]. Plaintiff has a history of substance abuse and marijuana dependence. [392-95].

## The ALJ's Decision

The ALJ determined that the Plaintiff's severe impairments include lumbar back pain, status post surgical removal of cyst on left foot with subsequent bone spur formation, depression, mental retardation, and substance addiction disorder. [R. 30]. The ALJ further determined that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) except he is able to perform simple, unskilled work. Plaintiff is able to relate to coworkers and supervisors for work-related purposes only. He should have minimal or no contact with the general public. Plaintiff takes medications for relief of his symptomatology, but the appropriate use of the medication would not preclude him from remaining reasonably alert to perform required functions presented in a work setting. [R. 33].

The ALJ determined that Plaintiff was not disabled because at step four, he retained the residual functional capacity to perform his past relevant work as a meat slicer both as actually and generally performed at the light level of exertion. [R. 40]. At step five, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 31-32]. The case was thus decided at step four with an alternative step five finding of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to fully develop the file; 2) failed to properly consider the Plaintiff's credibility; and 3) the RFC is not supported by substantial evidence.

3

## Analysis

Although Plaintiff listed three errors, only one was briefed.  The court declines to consider allegations raised, but not discussed.  See generally, *U.S. v. Rodriquez-Aguirre,* 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).  The court will not "sift through" the record to find support for the claimant's arguments.  *SEC v. Thomas,* 965 F.2d 825, 827 (10th Cir. 1992).

Plaintiff asserts that the ALJ failed to fully develop the record concerning the issue of whether he was mentally retarded. Plaintiff contends that had the ALJ fully developed the record, he could meet Listing 12.05(C).  To meet the criteria of Listing 12.05(C), Plaintiff must have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of functioning.  The question presented is whether Plaintiff had a valid IQ score in this range.

In October 2009 Plaintiff underwent a consultative examination performed by Dr. Paul J. Schwartz, Ph.D.  Plaintiff was given the WAIS-III and received a full scale IQ of 65, his verbal IQ was 66, and his performance IQ was 70.   Dr. Schwartz's results were accompanied by his statement that Plaintiff "was minimally attentive, interested and motivated to do his best and he tended to give up easily, and would respond impulsively at times." [R. 232].  Dr. Schwartz cautioned that the test results should be interpreted with caution as they may not reflect his optimal potential. *Id.*  Dr. Schwartz stated: "[t]est results may not reflect his true potential, however, it is uncertain as to whether he would be able to score much higher if retested at a later time."   [R. 233].  Based on Dr. Schwartz's comments, the ALJ determined that the WAIS-III verbal, performance, and full scale IQs

4

were not valid measures and therefore Plaintiff did not meet the criteria of Listing 12.05(C). [R. 32-33].

Plaintiff argues that the ALJ erred because there is not unequivocal support for the finding that the test results were invalid. Plaintiff cites no authority for his contention that the ALJ's finding must have unequivocal support. In fact, the ALJ's conclusions do not need unequivocal support in the record. The court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In the context of an appeal of a Social Security disability decision, substantial evidence requires more than a scintilla but less than a preponderance. The possibility of drawing two inconsistent conclusions from the evidences does not prevent the Commissioner's decision from being supported by substantial evidence. The court may not displace the Commissioner's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007)(further citation omitted).

Plaintiff argues that the ALJ's determination that the IQ scores were not valid triggered a duty to further develop the issue. He argues that the ALJ should have ordered additional testing as requested by his representative or re-contacted Dr. Schwartz for clarification. According to Plaintiff: "[t]he Plaintiff's representative requested additional testing. Tr. 436. The ALJ did not respond to that request." [Dkt. 15, p. 5]. Contrary to Plaintiff's assertion, there was no request for additional testing before the ALJ. The record contains a letter from Plaintiff's attorney requesting a "full neuropsychological examination." [R. 436]. However, that letter was dated February 21, 2011 – almost two months after the

5

ALJ issued his decision on December 28, 2010. Plaintiff has not cited to any authority that suggests the ALJ retains the power to order such testing after the issuance of a decision.

The Commissioner has the duty to develop an adequate record relevant to the issues raised. However, an ALJ is normally entitled to rely on the claimant's counsel to structure and present the case. See *Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir. 19947). Plaintiff was represented at the hearing. There was no discussion of additional testing at the hearing, and indeed no discussion of Plaintiff's IQ scores or the testing. Plaintiff's attorney stated "the record is complete." [R. 50]. The court finds no error in the ALJ's failure to order additional testing or further develop the record.

The court rejects Plaintiff's assertion that the ALJ was not qualified to determine that Plaintiff's test results were not valid. The Commissioner's regulations instruct that the narrative report that accompanies intelligence testing scores "should comment on whether the IQ scores are considered valid." 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 12.00(D)(6)(a). Dr. Schwartz's evaluation included his opinion that the test scores were suspect:

> He remained minimally attentive, interested and motivated to do his best. He tended to give up easily and would respond impulsively at times. Test results should be interpreted with caution as they may not reflect his optimal potential.
>
> *   *   *
>
> Test results may not reflect his true potential, however, it is uncertain as to whether he would be able to score much higher if retested at a later time.

[R. 232, 233]. Based on these comments, the ALJ concluded that the IQ scores resulting from Dr. Schwartz's testing "are not valid measures." [R. 33]. The court finds that the ALJ's conclusion was a reasonable one and is supported by substantial evidence. See *Lax v.*

*Astrue,* 489 F.3d 1080, 1087 (10th Cir. 2007).

The court rejects Plaintiff's assertion that Dr. Schwartz's comments create an ambiguity that should have been resolved. The ALJ's conclusion that Plaintiff has the capacity to perform work-related tasks is supported by substantial evidence. Consultative examiner Minor Gordon, Ph.D. also evaluated Plaintiff. He found that Plaintiff's social-adaptive behavior is in keeping with an individual functioning low intellectually. [R. 270]. Dr. Gordon found that Plaintiff appears to have some problems with mild depression which alone should not preclude gainful employment. Dr. Gordon was of the opinion that Plaintiff "should be able to perform some type of routine and repetitive task on a regular basis and he would be able to relate adequately with coworkers and supervisors on a superficial level for work purposes." [R. 271].

.                                **Conclusion**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 7th day of August, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE